## W. L. Wright and W. H. Fry, Appellants, v. T. H. Lane, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Montgomery county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915.

### Statement of the Case.

Action of assumpsit brought by W. L. Wright and W. H. Fry against T. H. Lane, to recover damages for an alleged breach of a contract. Judgment was entered in favor of the defendant, and plaintiffs appeal.

The case was tried before the court without a jury. No propositions of law or fact were asked, the appellants claiming that the court should have found differently on the facts.

The evidence showed that appellants contracted August 8, 1907, to undertake the sale of two hundred lots to be laid out and platted from a tract of land owned by appellee, and as a guaranty of good faith agreed to pay appellee $1,000 within thirty days from the acceptance of the contract, to be considered as an advance payment on the purchase price of the land; that appellants also agreed to pay the interest on a note for the principal sum of $3,500 secured by mortgage on the land; that the lots should be sold at an average

price of $100; that the contract also provided the compensation the appellants were to recover for their services, and for the payment of the appellee from the proceeds of the sales, and for the conveyance of title; that the tract consisted of about one hundred and fifteen acres of farm land located from one-fourth to three-fourths of a mile from the city limits of the city of Litchfield; that appellants paid to appellee the $1,000 mentioned in the contract and had the land platted, but nothing further was ever done by the parties under the contract until the year 1910, except that appellants paid the interest on the note and some of the taxes; that no lot was ever sold; that in June, 1909, the appellee conveyed to another party forty-five acres of the tract and told appellants that he could not wait any longer for them to proceed under the contract and intended to sell a portion of the land.

It is contended by appellants that they had no knowledge of this sale until about May 1, 1910, when they went to Litchfield for the purpose of advertising a sale of the lots; and they claim that such sale by appellee constituted a breach of the contract, and prevented them from proceeding under the terms thereof. There was evidence tending to show that the contract had been abandoned by the parties, and that several attempts had been made by appellants to sell the farm *en masse.* Appellee claims that his loss of crops from the land for the seasons from 1907 to 1910, by reason of the failure of appellants to sell the lots, more than offset the payment of $1,000 and the interest and taxes and other expenses paid by them.

W. L. COLEY and AMOS MILLER, for appellants.

HILL & BULLINGTON and T. A. GASAWAY, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

CONTRACTS, § 387*—*breach of contract for platting and sale of land.* A finding for the defendant in an action for the breach of a contract for the platting and sale of land, *held* sustained by the evidence.